MEMORANDUM *
Plaintiff Kay Williford appeals from the district court’s dismissal under Federal Rule of Civil Procedure 12(b)(6) of her federal and state law claims against Defendants City of Portland, Multnomah County, and police officer Klundt,[1] as barred by the Oregon statute of limitations. Reviewing de novo, Jones v. Blanas, 393 F.3d 918, 926 (9th Cir.2004), we affirm in part, reverse in part, and remand.
The district court dismissed the federal claims on the ground discussed below and dismissed the state-law claims on a different ground. On appeal, Plaintiff challenges only the dismissal of the federal claims. We therefore affirm the dismissal of all state-law claims. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (“[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.”).
The district court erred, however, in dismissing the federal claims against De *515 fendants City of Portland, Multnomah County, and Officer Klundt.[2] A second complaint is timely under Oregon Revised Statutes section 12.220(1) if, among other requirements, “the defendant had actual notice of the filing of the original action not later than 60 days after the action was filed.” The parties and we agree that the other criteria in section 12.220(1) were met.
The district court correctly found that the evidence in the record did not conclusively establish that Defendants had actual notice within 60 days. Under the proper standard, however, “it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.” W. Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir.1985) (citation omitted) (emphases added). “We construe the complaint ... in the light most favorable to the non-moving party, and we take the allegations and reasonable inferences as true.” Walter v. Dray son, 538 F.3d 1244, 1247 (9th Cir.2008) (emphasis added). Under that standard, the reasonable inferences (in addition to Defendants’ careful silence on the factual issue of which they alone have intimate knowledge) strongly suggest that Defendants had actual notice of the filing of the original complaint within 60 days. We therefore reverse the district court’s dismissal of the federal claims against these Defendants and remand for further proceedings.[3]
AFFIRMED with respect to the state-law claims; otherwise REVERSED and REMANDED. Costs on appeal shall be awarded to Plaintiff.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Plaintiff voluntarily dismissed her claims in the district court against Officer Tobey. Those claims are not before us on appeal.

. It is unclear from the record whether Plaintiff alleged any federal claims against Defendant City of Portland. On remand, the City may move to dismiss this action as to itself, if no claims against it remain.

. On remand, Defendants are free to file a renewed motion for dismissal if new evidence, such as affidavits of the parties attesting under oath that they did not receive notice of the original complaint’s filing within 60 days, is presented.